UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**KASEY HOPKINS**,<br><br>Defendant. | Criminal No. 22-cr-317 (TSC) |

### ORDER

Defendant Kasey Hopkins was arrested and charged by a four count Information for offenses arising out of the riots at the U.S. Capitol on January 6, 2021. He subsequently pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), and received a "split sentence"—a term of imprisonment followed by a term of probation—of four month's incarceration to be followed by twenty-four months' probation. Judgment, ECF No. 32. Defendant was released from prison and began his probationary sentence on November 29, 2023.

On January 26, 2024, Defendant, in a two-page motion devoid of any supporting case law, moved to terminate the remainder of his probationary sentence. Def's Mot. to Terminate Probation, ECF No. 38 ("Motion"). Defendant, describing his sentence as "illegal," appears to rely on *United States v. Little*, 78 F.4th 453, 460 (D.C. Cir 2023), in which the D.C. Circuit held that "prison plus probation is not an available sentence for the same offense." The Government moved to hold Defendant's Motion in abeyance pending the D.C. Circuit's decision in *United States v. Caplinger*, No. 22-3057, 2024 WL 718720 (D.C. Cir. Feb. 21, 2024), which sought resolution of whether "resentencing, rather than early termination of probation, [was] the proper remedy for sentences invalidated by *Little*." Government's Mot. to Hold in Abeyance ("Abeyance

Motion") at 6, ECF No. 39.  In the alternative, the Government requested that the court deny Defendant's Motion.  *Id.* at 19–21.

On February 21, 2024, the Government filed a Notice of Supplemental Authority attaching the D.C. Circuit's Order in *Caplinger*, vacating Caplinger's sentence and remanding for resentencing (not early termination of probation) in light of *Little*.  Government's Notice of Supp'l Authority, ECF No. 42.  The Government also cited *United States v. Gionet*, No. 22-cr-132 (D.D.C. Feb. 9, 2024), in which another court in this Circuit denied a motion for early termination despite *Caplinger*'s pendency.  For the following reasons, the court will DENY Defendant's motion and find as MOOT Government's Abeyance Motion.

Pursuant to 18 U.S.C. § 3564(c), a district court, after considering the applicable 18 U.S.C § 3553(a) factors, may "terminate a term of probation" and "discharge the defendant at any time . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  In other words, this court may terminate Defendant's term of probation early "only if the following three requirements are met: (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' and (3) early termination would be consistent with the applicable § 3553(a) factors." *United States v. Hemphill*, No 1:21-cr-555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) (quoting *United States v. Harrison*, No. 98-cr-235-RCL-5, 2021 WL 1820289, at *3 (D.D.C. May 6, 2021).

Defendant's Motion does not address any of these factors.  He simply states that it "now appears" that his split sentence is "indeed illegal" and, instead of raising an 18 U.S.C § 2255 petition, he seeks "an Order granting early termination of probation." Motion at 1–2. Despite this thin reasoning, in light of the D.C. Circuit's recent decisions in *Little* and *Caplinger*, the court

finds that the interest of justice weighs in favor of terminating Defendant's probation. *See Little*, 78 F.4th at 461; *Caplinger*, No. 22-3057, 2024 WL 718720, at *1.

But this "factor alone cannot justify early termination under § 3564(c)," *Hemphill*, 2024 WL 578977, at *4, and the remaining factors must be satisfied. Moreover, post-*Caplinger*, it appears that Defendant's Motion is not the proper avenue for the relief he seeks. As Judge McFadden held in *Gionet*, "[p]icking the right vehicle matters," since a Defendant's challenge to the legality of his sentence "triggers the habeas-channeling rule . . . which bars his challenge's consideration outside the context of a direct appeal or collateral review under 28 U.S.C. § 2255." Order at 2–3, *United States v. Gionet*, No. 22-cr-132 (D.D.C. Feb. 9, 2024), ECF No. 88 (citation omitted) (formatting modified). Put simply, rather than a motion for termination of probation, the "right vehicle is a motion under 28 U.S.C. § 2255" to challenge his now illegal sentence.[1] *Id.*

With regard to Defendant's conduct, it appears that he is in compliance with his probationary conditions. Yet "mere compliance with the conditions . . . is not enough to warrant early termination" of his probationary sentence. *United States v. Wesley*, 311 F. Supp. 3d 77, 81 (D.D.C. 2018); *accord United States v. Rader*, No. 1:22-cr-57-RCL, 2024 WL 474535, at *3 (D.D.C. Feb. 7, 2024). In general, "early termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, such as exceptionally good behavior." *Hemphill*, 2024 WL 578977, at *3 (quoting *United States v. Payne*, No: 1:17-cr-142, 2020 WL 2813438, at * 1 (E.D. Tex. May 29, 2020)) (formatting modified). Like in *Hemphill*, here, Defendant's motion fails to mention the § 3564(c) factors, let alone indicate how he has

---

[1] It is worth nothing that, like in *Gionet*, the Government here indicates that if Defendant were to file a § 2255 motion, it "would consider waiving any applicable procedural barriers to the relief sought therein based on the D.C. Circuit's decision in *Little*, such as appellate or collateral review waivers, procedural defaults, or statutes of limitations." Abeyance Mot. at 12 n.5.

demonstrated "exceptionally good behavior" since his release from incarceration. Thus, Defendant has failed to demonstrate that his conduct warrants early termination of his probation sentence.

For similar reasons, the court finds that the applicable § 3553(a) factors do not support early termination of his probation. Notably, in anticipation of its Abeyance Motion and Opposition, the Government consulted with the probation office, which did not recommend Defendant's early termination of probation given that, at that time of filing, Defendant had only been under supervision for two months. Abeyance Mot. at 1.

Therefore, for the foregoing reasons, Defendant's motion is DENIED. Furthermore, given *United States v. Caplinger*, No. 22-3057, 2024 WL 718720 (D.C. Cir. Feb. 21, 2024), the Government's Motion to Hold in Abeyance is found as MOOT. To the extent Defendant seeks to be resentenced, he may do so through collateral review pursuant to 28 U.S.C § 2255.

Date: October 3, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge