UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 22-CR-317-TSC |
| KASEY V. HOPKINS, | : | |
| | : | |
| *Defendant.* | : | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
## MOTION TO TERMINATE PROBATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Kasey V. Hopkins' Motion to Terminate Probation, ECF No. 44.  Hopkins' offense conduct is discussed in greater detail in the United States' Sentencing Memorandum (ECF No. 31), the Statement of Offense (ECF No. 22), and the Government's Motion to Hold in Abeyance (ECF No. 39).

Hopkins' Motion is based solely on his assertion that "termination of probation at this point is in the interests of justice when applying the factors under 18 USC 3553."[1] ECF No. 44 at 1. This is not the first time that the defendant has moved to terminate his probation. This Court denied

---

[1] Although Hopkins did not cite to *United States v. Little* 78 F.4th 453 (D.C. Cir. 2023), the defendant in a previous filing, ECF No. 38, sought early termination based on the decision in *Little*, which held that a defendant convicted of a single petty offense may not be sentenced both to imprisonment and to probation for that offense. *Id*. at 454. Hopkins, like Little, received a split sentence of imprisonment and probation. Having already served the imprisonment component of his sentence, Hopkins seeks to terminate the remaining probationary period. But early termination is not the appropriate remedy for an illegal sentence (i.e., one in excess of the statutorily authorized term). Indeed, as reflected in the D.C. Circuit's decision in *Little*, the proper remedy is to vacate the illegal sentence so that the defendant may be resentenced to a lawful term. *Id.* at 461 ("So we vacate Little's sentence and remand to the district court for resentencing."). If Hopkins' illegal split sentence were properly challenged, the Court at resentencing should impose a term of incarceration or probation that is within the statutory limit, recalibrating the punishment scheme to reflect the statutory sentencing factors in 18 U.S.C. § 3553(a) and giving credit for time served under the illegal sentence originally imposed.

Hopkins' first Motion to Terminate Probation, ECF No. 38, citing *United States v. Wesley,* 311 F. Supp. 3d 77, 81 (D.D.C. 2018), and noting "'mere compliance with the conditions…is not enough to warrant early termination' of his probationary sentence." ECF No. 43 at 3.  This Court further cited *United States v. Hemphill,*  No 1:21-cr-555-RCL, 2024 WL 578977, at *3 (D.D.C. Feb 13, 2024), "early termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, such as exceptionally good behavior." This Court stated that Hopkins' motion failed to mention factors pursuant to 18 U.S.C. § 3564(c), where the court may terminate the Defendant's term of probation early "only if the following three requirements are met: (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' and (3) early termination would be consistent with the applicable § 3553(a) factors." ECF No. 43 at 2. Not only did Hopkins' motion fail to mention the § 3564(c) factors, but Hopkins did not show that he demonstrated "exceptionally good behavior" since his release from incarceration. ECF No. 43 at 3-4.

Hopkins' renewed Motion terminate his probation does not address each of these requirements. Hopkins states that "he has had no disciplinary infractions while on pretrial release, while incarcerated, and now while on probation." ECF No. 44 at 1.  This statement fails to address this Court's concern that Hopkins has not shown that he demonstrated "exceptionally good behavior" since his release from incarceration. As Judge Royce C. Lamberth stated in *Hemphill,* "adhering to the conditions of probation 'is not exceptional such that it requires early termination of probation' because doing so 'was ordered by the Court, and compliance is expected.'" No. 1:21-cr-555-RCL, 2024 WL 578977, at *3 (D.D.C. Feb 13, 2024)((quoting *United States v. Steven,* 455 F. Supp. 3d 1092, 1098 (D. Kan. 2020).

2

Exceptional behavior is a high bar. In *Hemphill*, for example, the defendant made public statements indicating acceptance of responsibility, where she stated, "I'm not a victim of Jan 6, I pleaded guilty because I was guilty!" and "Not to excuse my actions, but my intentions were to record what was going on, not to be a part of it." While noting her acceptance of responsibility, Judge Lamberth stated that "a defendant's acceptance of responsibility is welcome, but not exceptional." *Id.* at *3. *Hemphill* further states that "if penitent words alone justified early termination, that would not 'promote respect for the law' and might instead undermine 'adequate deterrence to criminal conduct.'" *Id.*

Beyond stating that Hopkins has continued working, is now married, and "now deeply regrets being involved in the events on January 6, 2021 and realizes he made bad choices and decisions," ECF No. 44, Hopkins has not shown that he has satisfied this Court's concerns as outlined when denying his first motion to terminate probation (ECF No. 43).

For the reasons set forth above, the government respectfully requests that the Court deny Hopkins' motion for early termination of probation.[2]

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              D.C. Bar Number 481052

                                              By:    */s/ Aliya Khalidi*
                                                          Aliya Khalidi
                                                          Assistant United States Attorney
                                                          MA Bar No. 682400
                                                          601 D Street NW, Washington, DC 20530
                                                          aliya.khalidi@usdoj.gov
                                                          202-252-2410

---

[2] Resentencing would be appropriate if Hopkins properly challenges the legality of his sentence by filing a motion pursuant to 28 U.S.C. § 2255. If Hopkins files an appropriate motion pursuant to 28 U.S.C. § 2255, the government intends to file a supplemental sentencing memorandum prior to resentencing.